Filed 7/10/14  Certified for Publication 8/4/14 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| QING HUI GOU,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>BI GUANG XIAO,<br><br>      Defendant and Respondent. | A137771<br><br>(San Francisco County<br> Super. Ct. Nos. FCS-12-347915,<br> FDI-12-777831) |

Appellant Qing Hui Gou appeals from a December 5, 2012, order, which denied her request for a restraining order under the Domestic Violence Prevention Act (DVPA; Fam. Code, § 6200, et seq.[1]) (DVRO) against respondent Bi Guang Xiao. We agree with appellant that the trial court erred in denying her request on the ground she was not a victim of domestic violence within the meaning of the DVPA. Accordingly, we reverse and remand the matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Appellant and respondent were married in China on April 16, 1991. In October 2007, respondent and the parties' then 8-year-old son (hereafter also referred to as "the child") came to the United States while appellant remained in China waiting for

---

[1]    All further statutory references are to the Family Code.

[2]    We recite only those facts as are necessary to resolve the issues raised on this appeal.

an immigrant visa.  Appellant joined the family in October 2011 when her visa was approved.

On September 11, 2012, appellant filed a judicial council form, ex parte, requesting a DVRO in favor of herself and the then 13-year-old child against respondent. In her attached declaration, appellant described in detail three incidents of past abuse allegedly perpetrated by respondent.  In September 2011, while appellant was still in China and talking to her son via Skype, appellant saw respondent come into the room and start yelling at the child for not cleaning the house.  As the child started to crawl away respondent whipped him with a long plastic/rubber stick.  Respondent also slapped and kicked the child.  Appellant yelled at respondent to stop and yelled at the child to call the police.  Thereafter, in December 2011, three months after appellant came to this country, she was present and got involved in an altercation between respondent and child. Respondent became angry because the child did not help him carry some things from the car into the house.  As the child was using his computer, respondent knocked the computer off the table and put the child in a chokehold.  Appellant could see the child's face turn red and his veins pop out of his face and neck as he struggled to breathe. Appellant yelled for respondent to stop but he did not do so.  Appellant kicked and hit respondent to get him to let the child go.  Respondent bit appellant on the arm, but finally let the child go.  Appellant was too shocked and afraid to call the police.  When appellant and her son went to sleep that night, they blocked the bedroom door with furniture so respondent would not come in and hurt them.  Then on January 12, 2012, respondent and the child got into a fight at the college where appellant was taking an English language exam.  Appellant did not see the fight, but someone called the police after seeing respondent hit the child.  Respondent denied hitting the child.  However, the fight was recorded on a campus security camera, which showed respondent hitting the child.  The police did not arrest respondent but told him to go to the police station.  Respondent did not go to the police station because he had with him his 7-year-old daughter from another relationship.

Appellant further alleged that because of the January 2012 incident, a case file was opened with Alameda County Child Protective Services. During discussions with the case social worker, the child said that respondent had physically and verbally abused him. In March 2012, the case social worker arranged for appellant and the child to relocate to a domestic violence shelter outside of Alameda County. About one month later, on April 10, 2012, appellant and her son left the marital residence and had no further contact with respondent.

Although appellant and her son apparently found a safe place to live, she alleged that she still needed a DVRO to protect herself and her son against respondent. A few weeks before making her request, appellant learned that someone called her CalWORKS case worker in San Francisco. The unidentified caller said the parties' son was living with his father and therefore San Francisco should stop providing cash aid for appellant. The caseworker told the caller that aid could not be stopped because the child was living with appellant. Appellant felt she and her son were in danger because the case worker's response implied that appellant and her son were living in San Francisco. Appellant also learned that an unidentified person had submitted a request to the child's new school to effect his transfer to another school outside of San Francisco. Appellant opined respondent was the only person who could have made that transfer request. She was afraid that respondent would find and force appellant and the child to return to the marital residence. The child was stressed and unable to sleep because of concern that respondent might have learned of his whereabouts. He was afraid of his father and did not want to return to him.

On September 12, 2012, the trial court (Hon. Charlotte Walter Woolard) issued a temporary DVRO in favor of appellant and her son and scheduled a hearing for October 3, which was continued to October 24, 2012. In advance of the continued hearing, appellant lodged with the court the Alameda County Social Services Agency, Child Protective Services Investigative Narrative, dated April 4, 2012, which described the agency's investigation of the January 2012 incident and the family's circumstances as of April 2012.

At the October 24, 2012, hearing, the trial court (Hon. Ronald E. Albers) continued the matter and reissued the temporary DVRO. At that time the court stated it did not believe an evidentiary hearing was necessary because although the allegations of violence between respondent and the child were "relatively straightforward," the application's factual allegations were insufficient to support a finding that appellant was a victim of domestic violence. The court additionally noted that despite her arguments to the contrary, appellant had not made a sufficient offer of proof that would justify issuing a DVRO in favor of the child. Nevertheless, the court granted appellant additional time to submit additional documentary evidence demonstrating the need for an evidentiary hearing. In advance of the December 5, 2012, hearing, appellant submitted her counsel's memorandum in further support of her DVRO request, asking the court to consider the acts of abuse against the child as described in appellant's declaration attached to her application, as well as the surveillance video and the Hayward Police Department report documenting the January 2012 incident. Appellant also asked the court to consider the fact that the Alameda County district attorney had filed a criminal charge of child abuse (Pen. Code, § 273a, subd. (a)) against respondent and that a jury trial was scheduled for December 17, 2012.

At the December 5, 2012, hearing, the trial court and appellant's counsel discussed the court's statutory authority to consider the merits of appellant's request for a DVRO to protect both herself and the child. The court concluded it had no statutory authority to consider the DVRO request brought solely in appellant's name as "she is not apparently the victim of domestic violence." It denied the request for a DVRO, finding that appellant "is not the victim of domestic violence within the meaning of the statute . . . ." Appellant filed a timely notice of appeal from the December 5, 2012, minute order denying her request for a DVRO.[3]

---

[3] Respondent has not filed a responsive brief in this matter. Thus, we " 'will decide the appeal on the record, the opening brief, and oral argument by appellant.' " (*Conness v. Satram* (2004) 122 Cal.App.4th 197, 200, fn. 3 (*Conness*); Cal. Rules of Court, rule 8.220(a)(2).) We have also considered an amici curiae brief, in support of appellant's

4

The DVPA's "purposes . . . are to prevent the recurrence of acts of violence and sexual abuse and to provide for a separation of the persons involved in the domestic violence for a period sufficient to enable these persons to seek a resolution of the causes of the violence." (§ 6220.) Under the DVPA domestic violence is defined as "abuse" perpetrated against enumerated individuals, including a "spouse." (§ 6211, subd. (a).) To effectuate the purposes of the DVPA, a trial court is permitted to issue a restraining order "simply on the basis of an affidavit showing past abuse. . . . (§ 6300.)" (*Nakamura v. Parker* (2007) 156 Cal.App.4th 327, 334 (*Nakamura*).) "[T]he requisite abuse need not be actual infliction of physical injury or assault." (*Conness, supra*, 122 Cal.App.4th at p. 202.) Instead, "abuse" is broadly defined as including behavior that "plac[es] a person in reasonable apprehension of imminent serious bodily injury to that person or to another" or behavior that "has been or could be enjoined pursuant to Section 6320." (§ 6203, subds. (c), (d).) Section 6320 describes enjoinable behavior as including "disturbing the peace of the other party . . . ." (§ 6320.) " '[D]isturbing the peace of the other party' " means "conduct that destroys the mental or emotional calm of the other party." (*In re Marriage of Nadkarni* (2009) 173 Cal.App.4th 1483, 1497 (*Nadkarni*).)

In reviewing the denial of a DVRO request, we determine whether the trial court "applied the correct legal standard to the issue in exercising its discretion, which is a question of law for this court." (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 420-421.) "The scope of discretion always resides in the particular law being applied; action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an abuse of discretion." (*Id*. at p. 421.) Pertinent to

position, filed by the Family Violence Appellate Project, California Partnership to End Domestic Violence, National Family Justice Center Alliance, Family Violence Law Center, Los Angeles Center for Law and Justice, Domestic Violence Legal Empowerment and Appeals Project, Legal Aid Foundation of Los Angeles, Leadership Council on Child Abuse and Interpersonal Violence, Child Abuse Forensic Institute, and Dr. Jeffrey L. Edleson, Dean and Professor at the University of California, Berkeley, School of Social Welfare.

this case, the courts have held that where a DVRO application includes factual allegations of abuse within the meaning of the DVPA, a trial court abuses its discretion when it summarily denies the application without a hearing and determination on the merits. (See *Nadkarni*, *supra,* 173 Cal.App.4th at p. 1499; *Nakamura, supra,* 156 Cal.App.4th at p. 337.)

Here, we agree with appellant and amici curiae that the trial court erred in denying the DVRO request on the sole ground that appellant had failed to demonstrate she was the victim of domestic violence under the DVPA. In her declaration attached to the DVRO request, appellant alleged specific and admissible facts based on her personal knowledge describing past acts perpetrated by respondent against the child and appellant. Assuming their truth, these factual allegations would support a finding that respondent's past behavior was abusive as it had placed appellant in reasonable apprehension of imminent serious bodily injury to herself or the child, and disturbed appellant's peace by causing the destruction of her mental or emotional calm. (See *People v. Kovacich* (2011) 201 Cal.App.4th 863, 895 ["defendant's assault on the family dog amounted to 'abuse' within the meaning of Family Code section 6203;" "[t]his abuse was committed against his wife and children, who witnessed the violent assault, and amounted to 'domestic violence' within the meaning of Family Code section 6211"].) Because appellant's application and supporting declaration "are facially sufficient" to support a finding "of abuse under the DVPA," we conclude the trial court abused its discretion in denying the DVRO request without a hearing and determination on the merits. (*Nadkarni, supra,* 173 Cal.App.4th at p. 1499).[4]

Accordingly, we shall reverse the order denying the DVRO request and remand the matter for a hearing and determination on the merits. In reaching our decision, we express no opinion on how the trial court should exercise its discretionary authority in conducting the hearing or in determining whether or not to issue a DVRO in favor of appellant, the child, or both. We hold only that "the facial adequacy" of appellant's

---

[4] In light of our determination, we do not need to further address the arguments of appellant and amici curiae.

6

allegations showing "that she was 'abused' within the meaning of the DVPA operated to divest the court of discretion to summarily deny her application. Because the peremptory denial of relief . . . exceeded the discretion vested in the judiciary by the DVPA, the trial court's ruling must be deemed an abuse of discretion." (*Nakamura, supra*, 156 Cal.App.4th at p. 337.)

## DISPOSITION

The order of December 5, 2012, denying Qing Hui Gou's request for a domestic violence restraining order is reversed and the matter is remanded for further proceedings consistent with this opinion. Qing Hui Gou is awarded costs on appeal.


_____
Jenkins, J.


We concur:


_____
Pollak, Acting P. J.


_____
Siggins, J.

Filed 8/4/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

QING HUI GOU,

      Plaintiff and Appellant,

v.

BI GUANG XIAO,

      Defendant and Respondent.

A137771

(San Francisco County
 Super. Ct. Nos. FCS-12-347915,
 FDI-12-777831)

THE COURT:

      We have received a request to publish the opinion in this case filed July 10, 2014. For reasons stated in the request to publish filed July 30, 2014 by Bay Area Legal Aid and the Family Violence Appellate Project (FVAP), the request is granted.*

      It is hereby ordered that the opinion filed July 10, 2014 is certified for publication, pursuant to California Rules of Court, rule 8.1105(b).

Date: _____            _____

                                     Pollak, Acting P. J.

\* Jenkins, J. and Siggins, J. concur

| | |
|---|---|
| Trial Court: | San Francisco County, Superior Court |
| Trial Judge: | Hon. Ronald Albers |
| Counsel for Appellant<br>  Qing Hui Gou: | Amy P. Lee<br>Julia Quinn<br>BAY AREA LEGAL AID |
| Counsel for Respondent:<br>  Bi Guang Xiao, in propria persona | No brief filed by respondent after 8.220(a)(2) notice.<br><br>There was no appearance for respondent at Oral Argument June 25, 2014. |
| Counsel for Amicus Curiae<br>Family Violence Appellate Project (FVAP) | Paul D. Fogel<br>Zareh A. Jaltorossian<br>Ilana R. Herscovitz<br>REED SMITH<br><br><br>Erin C. Smith<br>Nancy K. D. Lemon<br>Jennafer Dorfman Wagner<br>FAMILY VIOLENCE APPELLATE PROJECT |

*Qing Hui Gou v. Bi Guang Xiao*, A137771