Filed 4/5/16  In re Tia S. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re TIA S. et al., Persons Coming Under the Juvenile Court Law. | B263248 (Los Angeles County Super. Ct. No. JD00458) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff,<br><br>        v.<br><br>D.B.,<br><br>        Defendant and Appellant;<br><br>TYRONE S.,<br><br>        Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Valerie Skeba, Juvenile Court Referee.  Reversed and remanded.

Suzanne Davidson, under appointment by the Court of Appeal, for Defendant and Appellant.

Patti L. Dikes, under appointment by the Court of Appeal, for Respondent.

* * * * * *

This appeal follows the juvenile court's denial of D.B.'s (mother's) application for a restraining order against Tyrone S. (father) without a hearing. We conclude the juvenile court should have held a hearing on mother's application, which sought to protect both her and her daughter Tia. We reverse the denial of the restraining order without a hearing and remand the case to the juvenile court to hold a hearing.

**FACTS AND PROCEDURE**

Mother has two children—T. (currently age 9) and Tia (currently age 16). Father now claims to be the father only of T. Father reported that mother named Tia while he was incarcerated. Father had been convicted for possession of a controlled substance, two counts of transporting or selling a controlled substance, possession of a firearm, and resisting a peace officer. When he was a juvenile, father had petitions sustained for the following crimes: burglary, assault with intent to murder, transportation or sale of a controlled substance, and rape. Mother's boyfriend had a restraining order, naming father as the person to be restrained.

As later sustained, a Welfare and Institutions Code section 300 petition filed February 5, 2014, alleged that father refused to pick up Tia from the police station and refused to provide her with care and supervision thereby endangering her. The petition further alleged that mother has an unresolved history of alcohol abuse, which periodically renders her incapable of providing the children with regular care and supervision. Mother was incarcerated when the petition was filed. Mother's boyfriend reported that mother had been arrested for appearing in court intoxicated in violation of her probation for driving under the influence. Mother's prior convictions included filing a false insurance claim for theft of a motor vehicle, willful cruelty to a child, and driving under the influence.

Tia initially reported that father physically abused her but later recanted. Father admitted to hitting Tia with a belt several years earlier, in an incident Tia did not remember. T. reported that father never hit her.

Tia initially was placed in foster care and T. was placed in father's custody. Eventually, Tia was returned to mother's care, and T. remained in father's care. Mother was given unmonitored visits with T.

In January 2015, in the context of arranging visitation with T., mother reported that she was fearful of being alone with father. A social worker recommended mother obtain a restraining order, and mother stated that she would. Mother did not immediately apply for a restraining order, but mother enrolled in a domestic violence class.

In February 2015, father reported that mother threatened him. Mother claimed that father was "abusive and controlling." A social worker reported that "[m]other refuses to get a restraining order, participate in domestic violence support groups and further she has allowed contact with father and allowed him to the home after alleging he was abusive. It appears mother only is alleging domestic violence when asked to follow through with orders or when she cannot have her way . . . ."

Mother subsequently applied for a restraining order, though the date of the application is not clear. Her application stated that father questioned her about her reporting his abuse that she has "endured for the past 28 years." Father did not want to exchange the child "so he slapped, choked, and headbutted me and threatened to kill me if I didn't call the social worker and cancel the appt. [*sic*] for the safe exchange." Mother alleged that she was in fear for her life. On February 24, 2015, mother's request for a temporary restraining order was denied, and the matter was set for a hearing.

In his answer, father claimed that mother lied in her application.

On March 10, 2015, the court indicated "[w]e're here for a hearing on a restraining order." The court stated that it would consider the "paperwork" and was "not going to hear testimony." The court did not believe that testimony from mother would be helpful. The court allowed mother's counsel to describe an incident that occurred on the day the hearing was scheduled but did not allow mother to testify regarding that incident or any prior incidents. Counsel reported that father called mother "a bitch" and Tia "a ho." Counsel stated that "[m]other is in fear for her safety at this very moment." Father's counsel argued that father was not violent towards mother.

3

The court concluded that mother failed to provide any specific documentation of abuse or attach police reports. The court concluded "[t]here is not enough evidence." It therefore denied the requested restraining order.

## DISCUSSION

Whether we review the denial of a protective order for abuse of discretion or for substantial evidence is not dispositive in this case. (*In re N.L.* (2015) 236 Cal.App.4th 1460, 1466; *Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 420.) For reasons we shall explain, even under the more lenient abuse of discretion standard, the trial court should have permitted mother a hearing on her application that set forth a prima facie case warranting a restraining order.

It is undisputed that the juvenile court may issue a restraining order consistent with the Domestic Violence Prevention Act (Fam. Code, § 6200 et seq.). Welfare and Institutions Code section 213.5 permits such issuance. For purposes of evaluating whether the juvenile court should issue a restraining order, abuse includes placing a "person in reasonable apprehension of imminent serious bodily injury to that person or to another." (Fam. Code, § 6203, subd. (a)(3).) Further, in the dependency context, a restraining order should issue if the failure to do so would jeopardize the safety of the applicant. (*In re N.L., supra*, 236 Cal.App.4th at p. 1466.) Previous abuse is not a prerequisite. (*Ibid.*; see *In re Marriage of Evilsizor & Sweeney* (2015) 237 Cal.App.4th 1416, 1424 [destroying the mental or emotional calm of a former spouse supports the grant of a restraining order].)

Mother's declaration if credited showed substantial grounds for issuance of a restraining order. First it alleged the possibility her safety would be jeopardized. It also alleged that she suffered from past abuse and that she held reasonable apprehension of serious bodily injury. It cannot be argued that a credible death threat accompanied by a physical assault would not cause a reasonable apprehension of serious bodily injury. Although allegations with respect to Tia were less forceful, counsel sought to admit evidence of additional incidents regarding Tia, and should have been permitted the opportunity to present evidence.

4

A trial court abuses its discretion when it denies an application facially alleging abuse "without a hearing and determination on the merits." (*Gou v. Xiao* (2014) 228 Cal.App.4th 812, 818.) For example, a court cannot summarily deny an application when the "factual allegations would support a finding that respondent's past behavior was abusive as it had placed appellant in reasonable apprehension of imminent serious bodily injury to herself or the child, and disturbed appellant's peace by causing the destruction of her mental or emotional calm." (*Ibid*.) Although the trial court was not required to credit mother's allegations, it was required to hold a hearing to provide her an opportunity to prove those allegations. The only issue posed by the parties' affidavits was whether mother's allegations were credible or whether instead father was credible when he alleged that mother was lying. It is the trier of fact's role to determine this disputed fact. (Cf. *Noergaard v. Noergaard* (2015) 244 Cal.App.4th 76, 86-89 [in the context of evaluation claim under the Hague Convention, trial court was required to determine whether father made death threat and erred in refusing to hear testimony on disputed issue].)

Father's reliance on *In re Malinda S.* (1990) 51 Cal.3d 368, 376, for a different result is unpersuasive because the issue in that case was completely different. The *Malinda S.* court was concerned with whether a juvenile court may rely on hearsay statements within a social worker's reports to determine whether jurisdiction is warranted under Welfare and Institutions Code section 300. (*Malinda S.*, at p. 373, superseded by statute as explained in *In re M.B.* (2011) 201 Cal.App.4th 1057, 1070.) *In re Keyonie R.* (1996) 42 Cal.App.4th 1569, 1571-1573, is similarly inapposite. That case involved the admissibility of social worker reports in a 12-month review hearing, not the standard for issuing a restraining order. Stated otherwise, the standard for the admissibility of social worker reports does not support father's argument that the court properly denied the restraining order in this case.

Father's remaining arguments are unavailing. Father correctly points out that the social worker was concerned with mother's lack of follow through on a restraining order. But that evidence does not conclusively show a restraining order was not warranted. It

5

may support an inference that the social worker believed mother should obtain a restraining order. Father also emphasizes mother's criminal conduct—which has limited probative value—but ignores his own substantial record including assault and resisting a peace officer. Finally, father's argument that mother cannot show she would have been successful in obtaining a restraining order underscores the importance of a hearing because without out a hearing, it is impossible to determine whether mother's allegations were credible.

## DISPOSITION

The order denying a restraining order is reversed. The case is remanded to the juvenile court to hold a hearing to consider whether a restraining order should issue to protect mother and/or Tia.


FLIER, J.

WE CONCUR:


BIGELOW, P. J.


RUBIN, J.

6