Filed 12/4/20  K.T. v. S.T. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| K.T.,<br><br>      Petitioner and Appellant,<br><br>v.<br><br>S.T.,<br><br>      Defendant and Respondent. | E073333<br><br>(Super.Ct.No. FAMSS1810252)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Shannon Suber, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Angelique G. Bonanno for Petitioner and Appellant.

Vincent W. Davis and Slaveia L. Iankoulova for Defendant and Respondent.

K.T. (mother) and S.T. (father) were married; they have a daughter together (child).  When the child reported that the father had sexually abused her, Children and Family Services (CFS) filed a dependency proceeding concerning her.  The parents separated and the mother filed for divorce.  The juvenile court gave the mother sole custody of the child and denied the father reunification services.

1

The mother then filed an application for a protective order that would restrain the father from contacting both her and the child. For reasons best known to herself, she did not file it in the dependency proceeding or in her divorce proceeding; rather, she filed a new proceeding under the Domestic Violence Prevention Act (Act) (Fam. Code, § 6200 et seq.).

The trial court denied a protective order. With regard to the child, it explained that the mother should have filed in juvenile court or the divorce court. With regard to the mother, it explained that the father had not abused the mother directly.

The mother appeals. She argues that the trial court abused its discretion, in that the reasons it stated did not support the denial of the restraining order.

We disagree. The trial court properly denied a restraining order in favor of the child because the juvenile court had exclusive concurrent jurisdiction. It also properly denied a restraining order in favor of the mother because, in light of the indirect nature of the abuse, it could reasonably find that the denial would not jeopardize the mother's safety.

I

STATEMENT OF FACTS

In or before October 2018, the child reported that the father had sexually abused her. CFS workers arrived at the family home to investigate. That was when the mother first became aware of the alleged sexual abuse. The father worked at home, the mother worked outside the home, and the sexual abuse took place when she was at work.

The father was arrested.  In a dependency proceeding concerning the child, he entered a plea of no contest.  He maintained, however, that he did so, not because the allegations were true, but rather to spare the child from trauma.  The juvenile court denied reunification services for the father.  It ordered that he have no visitation or other contact with the child, unless recommended by the child's therapist.  It also ordered that the mother have sole legal and sole physical custody of the child.

Meanwhile, CFS continued to investigate whether the mother had failed to protect the child.  It required her to engage in therapy and parenting classes.  The police conducted a forensic evaluation of the child.  The child also had to have counseling.

The mother was terminated from her job, "because she works with children."  She had to sell her home.  She and the child moved to a different area, so the child could have "a fresh start."  She filed for divorce.  "As a result of these incidents," the mother suffered "sleeplessness, . . . loss of appetite, shock, disbelief," "anxiety and depression . . . ."

As of the hearing in this case, the child's dependency was still open.  The father was homeless.  He had not had any contact with the child since the dependency was filed. He had also had no contact with the mother.

3

## II

## STATEMENT OF THE CASE

In December 2018, the mother filed a petition for a domestic violence restraining order. In it, she requested an order prohibiting the father from contacting her or the child. The trial court issued a temporary restraining order.

In July 2019, the trial court held an evidentiary hearing on the petition. At the end of the hearing, it denied a permanent restraining order. It accepted that the sexual abuse occurred. However, it explained:

"There's no allegations here that [the mother] witnessed anything that occurred between the minor child and [the father]. And there's no allegations that [the father] threatened [the mother] or attempted to do any of the abusive conduct that's enjoined in Family Code section 6203." "But the pleadings as they're alleged . . . are really that there's an indirect relationship between the abuse suffered by the minor child that's affected the mother."

"[A]s of now, the temporary order did its job, and there's no reason for this court to make a permanent order under the circumstances."

"There is a juvenile court order. [The father] has abided by that order." "And I believe that the appropriate place to have orders made with regard to parents and children is either family law court or juvenile court." "[I]t's the jurisdiction of the juvenile court at this point to decide if they want to make a restraining order."

III

DISCUSSION

The mother contends that the trial court erred by denying a permanent restraining order, as to herself and as to the child.

A.     *Legal Background.*

The Act authorizes the issuance of a restraining order "to prevent acts of domestic violence, abuse, and sexual abuse . . . ." (Fam. Code, §§ 6220, 6300, subd. (a), 6340, subd. (a)(1).) The moving party must be in a specified domestic relationship with the person to be restrained. (Fam. Code, §§ 6211, 6301, subd. (a).) The moving party must provide "reasonable proof of a past act or acts of abuse." (Fam. Code, § 6300, subd. (a).) The moving party need not show a likelihood of future abuse. (*Nevarez v. Tonna* (2014) 227 Cal.App.4th 774, 782-783.) However, the court must "consider whether failure to make any of these orders may jeopardize the safety of the petitioner . . . ." (Fam. Code, § 6340, subd (a)(1).)

"Abuse" is defined as:

"(1)  To intentionally or recklessly cause or attempt to cause bodily injury.

"(2)  Sexual assault.

"(3)  To place a person in reasonable apprehension of imminent serious bodily injury to that person or to another.

"(4)  To engage in any behavior that has been or could be enjoined pursuant to Section 6320." (Fam. Code, § 6203, subd. (a).)

Behavior that could be enjoined under Family Code section 6320 includes "molesting, attacking, striking, stalking, threatening, sexually assaulting, battering, credibly impersonating . . . , falsely personating . . . , harassing, telephoning, . . . , destroying personal property, contacting, . . . coming within a specified distance of, or *disturbing the peace of the other party*, and, in the discretion of the court, on a showing of good cause, of other named family or household members." (Fam. Code, § 6320, subd. (a), italics added.)

In general, we review the grant or denial of a domestic violence protective order under the abuse of discretion standard. (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 420.) "A ruling that constitutes an abuse of discretion has been described as one that is 'so irrational or arbitrary that no reasonable person could agree with it.' [Citation.]" (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.) However, "'[t]he question of whether a trial court applied the correct legal standard to an issue in exercising its discretion is a question of law [citation] requiring de novo review [citation].' [Citation.]" (*Rodriguez v. Menjivar* (2015) 243 Cal.App.4th 816, 821.)

B.    *Protective Order to Protect the Child.*

The trial court denied a restraining order protecting the child because "It's the jurisdiction of the juvenile court at this point to decide if they want to make a restraining order."

A juvenile court has exclusive jurisdiction to issue an ex parte restraining order to protect a dependent child from any person. (Welf. & Inst. Code, § 213.5, subd. (a).) The juvenile court also has jurisdiction to issue a permanent restraining order. (Welf. & Inst. Code, § 213.5, subd. (d)(1).)

In general, the juvenile court's jurisdiction to issue a permanent restraining order is not exclusive. However, the juvenile court does have exclusive jurisdiction in one respect — it has exclusive jurisdiction "regarding the custody of the child . . . ." (Welf. & Inst. Code, § 304.) The father argues that the juvenile court therefore had exclusive jurisdiction over the mother's request for a restraining order regarding the child. Ordinarily, we would agree that a restraining order that prevents a parent from contacting his or her child affects custody, almost by definition. In this case, however, the juvenile court had already awarded the mother exclusive custody of the child and had ordered that the father have no contact with her. Accordingly, it is at least arguable that the restraining order the mother was seeking would have no actual effect on custody.

We turn, then, to a different jurisdictional principle. "The rule of exclusive concurrent jurisdiction provides that when two or more courts have subject matter jurisdiction over a dispute, the court that first asserts jurisdiction assumes it to the exclusion of the others. [Citation.]" (*Lofton v. Wells Fargo Home Mortgage* (2014) 230 Cal.App.4th 1050, 1062.) Here, the juvenile court was the first to assert subject matter jurisdiction. No matter how the scope of that jurisdiction is defined — broadly, as jurisdiction over the relationship of the father and the child, or narrowly, as jurisdiction

7

over the impact of his sexual abuse on the parent-child relationship — it was duplicative of the jurisdiction that the mother was asking the trial court to exercise in this case. It follows that the trial court correctly deferred to the juvenile court.

As authority to the contrary, the mother cites this court's opinion in *In re B.S.* (2009) 172 Cal.App.4th 183. There, we held that the criminal court's issuance of a restraining order against the father did not preclude the juvenile court from issuing its own restraining order against the father. (*Id.* at pp. 188-193.)

We acknowledged the rule of exclusive concurrent jurisdiction, but we also recognized its limitations: "'[T]he rule of exclusive concurrent jurisdiction does not require absolute identity of parties, causes of action or remedies sought in the initial and subsequent actions [Citations.] If the court exercising original jurisdiction has the power to bring before it all the necessary parties, the fact that the parties in the second action are not identical does not preclude application of the rule. Moreover, the remedies sought in the separate actions need not be precisely the same so long as the court exercising original jurisdiction has the power to litigate all the issues and grant all the relief to which any of the parties might be entitled under the pleadings. [Citations.]' [Citation.]" (*In re B.S.*, *supra*, 172 Cal.App.4th at p. 190.)

Thus, we held that the rule did not apply in the case before us: "First, the parties and the remedies in the two proceedings were not the same. The People were a party to the criminal proceeding, but not the juvenile proceeding; the Department was a party to the juvenile proceeding, but not the criminal proceeding. Neither court had the power to

8

bring all of the parties before it. Similarly, the main remedy in the criminal proceeding was imposing criminal punishment, which the juvenile court had no power to order, whereas the main remedy in the juvenile proceeding was changing custody, which the criminal court had no power to order." (*In re B.S.*, *supra*, 172 Cal.App.4th at p. 191.)

There are no similar circumstances in this case. Here, the mother, the father, and the child were all parties to the dependency proceeding, and both courts had the power to grant the requested restraining order. Accordingly, the trial court properly refused to issue a protective order as to the child.

The father has not argued that the juvenile court also had exclusive jurisdiction to issue a protective order as to the mother. The rule of exclusive concurrent jurisdiction, although mandatory, is merely jurisprudential; it does not go to the trial court's fundamental jurisdiction. (*People ex rel. Garamendi v. American Autoplan, Inc.* (1993) 20 Cal.App.4th 760, 770, 772.) Accordingly, we need not decide this question.

C.      *Protective Order to Protect the Mother.*

The mother contends that she showed that the father had abused her, in the form of disturbing her peace. "'"[D]isturbing the peace of the other party"' means 'conduct that destroys the mental or emotional calm of the other party.' [Citation.]" (*Gou v. Xiao* (2014) 228 Cal.App.4th 812, 817.)

There is no doubt that the father's sexual abuse of the child shattered the mother's emotional calm. The trial court so found: "I have no doubt that [the mother's] allegations that her peace has been disturbed by the situation are very real and her

9

emotional pain is extremely painful." The trial court reasoned, however, that the past abuse was not directed against the mother. It was directed against the child; it ended up disturbing the mother's peace only because the child disclosed the abuse — surely not something the father intended.

Family Code section 6300, subdivision (a) provides that a restraining order "may be issued" if the moving party "shows, to the satisfaction of the court, reasonable proof of a past act or acts of abuse." It does not, in so many words, require that the abuse have been directed at the moving party. (See *In re B.S.*, *supra*, 172 Cal.App.4th at pp. 193-194 [juvenile court could issue restraining order protecting child against father based on evidence that father had committed domestic violence against mother; reasoning by analogy to the Act].) Even assuming the abuse must have been suffered by the moving party, here, it was the mother's own peace that was disturbed.

But the provision that a restraining order "may be issued" is permissive, not mandatory. As already mentioned, the Act also requires the trial court to "consider whether failure to make [a restraining order] may jeopardize the safety of the petitioner . . . ." (Fam. Code, § 6340, subd. (a)(1).) The abuse here consisted of sexual abuse of the child, which ended up disturbing the peace of the mother. However, there was no reasonable possibility that the father would sexually abuse the child again. And because his abuse was not directed at the mother, there was no reasonable possibility that he would disturb her peace in any other way. Therefore, failure to issue a restraining order did not jeopardize the mother's safety.

We recognize that the trial court did not analyze the issue in quite this fashion — step by step, with citations to the controlling statutes. Nevertheless, the reasoning that it did express, on the record, leads ineluctably to this result.

We therefore conclude that the trial court did not abuse its discretion by refusing to issue a restraining order in favor of the mother.

## IV

## DISPOSITION

The order appealed from is affirmed. The father is awarded costs on appeal against the mother.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

SLOUGH
J.

MENETREZ
J.