Filed 3/11/25  G.M. v. J.T. CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| G.M., <br><br>　　　Appellant, <br><br>　　v. <br><br>J.T., <br><br>　　　Respondent. | D082963 <br><br><br><br>(Super. Ct. No. 20FL007299C) |

APPEAL from an order of the Superior Court of San Diego County, Victor N. Pippins, Judge.  Reversed.

G.M., in pro. per., for Appellant.

No appearance for Respondent.

## I. INTRODUCTION

G.M. appeals from the trial court's denial of his request for a restraining order against J.T. under the Domestic Violence Prevention Act (Fam. Code,[1] § 6200 et seq.; DVPA).  We agree with G.M. that the trial court erred by finding J.T.'s alleged abuse of their son could not, as a matter of law,

---

[1]  All undesignated section references are to the Family Code.

support a domestic violence restraining order. We therefore reverse and remand for further proceedings.

## II. BACKGROUND

G.M. and J.T. share a child, A.M. On September 14, 2023, G.M. filed a request for a domestic violence restraining order against J.T. G.M. alleged that J.T. threatened G.M.; J.T. asked her former boyfriend, Daniel Madan, to kill G.M.; and J.T. physically abused A.M. G.M. requested that A.M. be protected under the restraining order and that the court grant him sole custody of A.M. with no visitation by J.T.[2]

On October 4, 2023, the trial court conducted a hearing on whether to grant G.M.'s request for a permanent restraining order against J.T.[3] Madan testified that he witnessed J.T. abuse A.M. and routinely smoke marijuana in A.M.'s presence. Madan also testified that J.T. asked him to kill G.M. When questioned by the trial court, J.T. denied abusing A.M. but admitted smoking marijuana in the car with him once or twice. G.M. testified as well, asserting longstanding abuse of A.M. G.M. submitted text messages between G.M. and J.T., photographs depicting A.M.'s injuries, and a summary of G.M.'s visit with a psychologist where he discussed the emotional effects[4] of A.M.'s

---

[2]    G.M.'s petition indicates the court previously ordered A.M. to reside primarily with G.M., subject to a visitation schedule with J.T. That order is not in the record.

[3]    Court minutes reflect a temporary restraining order issued earlier in this matter, but that order is not in the appellate record.

[4]    Based on the way the settled statement is written, it is unclear if G.M. or A.M. suffered these alleged emotional effects. Either way, the evidence is relevant.

injuries. The trial court admitted two text messages but excluded all other evidence on the ground that the court had "seen enough."[5]

The trial court then denied the petition, stating, "[a]s a legal issue, Court does not find that any alleged abuse towards the minor child has disturbed [G.M.'s] peace. On some practical matters it does, but not as a legal issue. Court will not grant a permanent [restraining order] based on this." The court also determined that G.M. did not meet his burden of proof because J.T.'s threats were directed against Madan, not G.M. After noting its continued concerns about J.T. smoking cigarettes in the car with A.M., the court dismissed the temporary restraining order and ordered the parties back to their normal visitation schedule. G.M.'s timely appeal followed.

## III. DISCUSSION

G.M. argues the trial court erred in failing to consider whether J.T.'s alleged abuse of A.M. disturbed G.M.'s peace or caused G.M. to fear for A.M.'s safety. We agree.

Although issuing a restraining order under the DVPA is generally a matter of the trial court's discretion, an " ' "order based on an application of improper criteria or incorrect legal assumptions is not an exercise of informed discretion and is subject to reversal." ' " (*Perez v. Torres-Hernandez* (2016) 1 Cal.App.5th 389, 396–397 (*Perez*).) We independently review whether the trial court applied the correct legal standard. (*Id.* at p. 397.)

"Under the DVPA, abuse is not limited to the protected party seeking the order. The definition of abuse includes placing 'a person in reasonable apprehension of imminent serious bodily injury to that person or *to another*.' "

---

[5]     Exactly what was admitted and excluded is not clear from the record, but that does not inhibit our review of whether the trial court applied the correct legal standard.

(*Perez, supra,* 1 Cal.App.5th at p. 400.) The DVPA's definition of abuse (§ 6203, subd. (a)(4)) also includes "disturbing the peace of the other party," which is "conduct that, based on the totality of the circumstances, destroys the mental or emotional calm of the other party" (§ 6320, subds. (a) & (c)). "This conduct may be committed directly or indirectly" (§ 6320, subd. (c)), and "[w]hat disturbs the peace of a person differs in each case" (*K.L. v. R.H.* (2021) 70 Cal.App.5th 965, 981).

Here, the trial court seems to have determined that as a matter of law, J.T.'s alleged abuse of A.M. could not disturb G.M.'s peace. The court's exclusion of further evidence offered by G.M. would appear to support that interpretation. But we are aware of no authority endorsing that legal proposition, and it is at odds with considering "the totality of the circumstances" as required. (§ 6320, subd. (c).) Further, courts have held that abuse of a child may disturb a restraining order applicant's peace. (See, e.g., *Perez, supra,* 1 Cal.App.5th at p. 401 [father's "abuse of their children destroyed [mother's] emotional calm" and should have been considered by trial court]; *Gou v. Xiao* (2014) 228 Cal.App.4th 812, 818 [allegations of father's abuse of child could have disturbed mother's peace]; see also, *In re Bruno M.* (2018) 28 Cal.App.5th 990, 997 [father disturbed children's peace by abusing mother in front of them].)

By taking this approach, the trial court failed to consider the evidence regarding J.T.'s treatment of A.M. That evidence was relevant not only to whether J.T. disturbed G.M.'s peace, but also to whether J.T. placed G.M. "in reasonable apprehension of imminent serious bodily injury to" A.M. (§ 6203, subd. (a)(3).)

4

Accordingly, the trial court applied the wrong legal standard by ignoring the alleged abuse of A.M. We will therefore remand the matter and order the trial court to consider that issue.

## IV. DISPOSITION

The October 4, 2023, order denying G.M.'s application for a restraining order is reversed. On remand, the trial court shall determine whether the evidence as to J.T.'s alleged mistreatment of A.M. established abuse under the DVPA by disturbing G.M.'s peace or placing G.M. in reasonable apprehension of imminent serious bodily injury to A.M. G.M. is awarded costs on appeal.

RUBIN, J.

WE CONCUR:

DATO, Acting P. J.

DO, J.

5