Filed 12/7/18; Modified and Certified for Pub. 12/13/18 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| In re the Marriage of HEATHER MARTINDALE and RAYMOND OCHOA. | |
| HEATHER MARTINDALE,<br><br>     Appellant,<br><br>v.<br><br>RAYMOND OCHOA,<br><br>     Respondent. | A152825<br><br>(Sonoma County<br>Super. Ct. No. SFL-65050) |

In 2014, appellant Heather Martindale (appellant) obtained a three-year domestic violence prevention restraining order against the father of her daughter, respondent Raymond Ochoa (respondent). Before the order was set to expire, appellant sought permanent renewal of the order. Following a hearing, the trial court denied the request, finding appellant had not shown " 'reasonable apprehension' of future abuse." (*Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1290 (*Ritchie*).) Appellant contends the trial court abused its discretion. We affirm the denial of renewal of the restraining order.

BACKGROUND

The parties had a daughter together in 2009 and married in 2011. Appellant commenced dissolution proceedings in November 2013. Appellant was represented by counsel and respondent represented himself.

1

In December 2013, appellant filed a request for a domestic violence restraining order. The trial court, who was the same judge that issued the order at issue in the present appeal, held a hearing on the request in March 2014. Appellant testified to various instances of domestic abuse over the course of her relationship with respondent. He was often jealous and he threatened to "hurt," "kill," and "destroy" her. Sometimes he would physically restrain her when they argued. On a number of occasions, respondent damaged property. In 2007, respondent raped her after an argument. In 2013, he started to initiate nonconsensual sex after an argument but stopped when appellant said, "Are you going to rape me?" Appellant's sister corroborated that appellant said respondent tried to rape her and that appellant had a large thigh bruise. At the 2013 Sonoma July 4th parade, respondent pushed appellant while she was holding their daughter. A witness corroborated her account. Respondent testified, among other things, that appellant was making false accusations because she did not want to pay him support.

At the close of the hearing, the trial court imposed a three-year restraining order on respondent. The court observed that its role was "to decide is there more evidence that would support [appellant's] version of what happened compared to the evidence that supports [respondent's]. And the Court finds a preponderance of the evidence that [appellant] has met her burden of proof that there has been domestic violence." The court denied respondent's request for spousal support due to its domestic violence finding and made child support orders.

In June 2015, a stipulated judgment was entered that terminated the parties' marriage and divided their property.

In December 2016, appellant requested a permanent renewal of the March 2014 restraining order. Respondent, now represented by counsel, opposed the request.

At the hearing on the renewal request, appellant testified regarding her fear of respondent and submitted into evidence the transcript of the March 2014 hearing resulting in issuance of the initial restraining order. She testified she installed cameras and other security measures at home. Her fear was amplified due to respondent's failure to acknowledge the past abuse and a police report he made in late 2014 alleging possible

2

child abuse by appellant. With respect to the 2014 child abuse report, appellant averred in a November 2014 declaration that a sheriff's deputy told her respondent had reported physical abuse of their daughter. The deputy testified at the 2017 renewal hearing that respondent had "showed me his cell phone which had some videotape of his daughter on it" in which she "seemed upset and said that her mommy hits her on her tummy and her bottom and her arms." The next day, respondent left a message for the deputy "saying that he wanted to cancel the report." Respondent testified he tried to put the report "on hold" because he was concerned about child protective services taking their daughter away from appellant, because he believed the child would not be placed with him. The deputy testified he went to appellant's home to investigate the claim and the child told the deputy appellant "did hit her on the bottom." The disposition of the complaint was "unfounded."

Appellant also alleged respondent violated the 2014 restraining order on four occasions. First, she encountered him at a farmer's market in June 2014 and requested his removal by law enforcement. She claimed respondent was drinking alcohol and he protested his removal from the event. However, the sheriff's deputy who was involved in the incident testified respondent said he was unaware of appellant's presence, he left without objection, and there was no sign he had been drinking.

Second, appellant claimed respondent violated the restraining order in April 2015 by remaining at a bar called the Glen Ellen Lodge after seeing her there. She testified respondent entered the bar, walked past her, and "glared" at her from the other end of the bar. However, another patron testified that respondent did not see appellant when he came into the bar and that respondent left immediately (within seconds of entering the bar) when appellant saw him and referred to the restraining order. Appellant then proceeded to talk badly of respondent to the other patron. Respondent testified he left as soon as he noticed appellant was present.

Third, appellant testified that in June 2015 patio furniture and a bicycle were removed from her property. A bicycle lock was cut in the process. Respondent testified he had arranged for two friends to pick up the items because he had been told at a

3

settlement conference he had to remove the property.  He admitted he did not seek appellant's permission to pick up the property that day.  The sheriff's deputy that investigated the incident testified that a neighbor told him the men who came to appellant's property did not sound like respondent and that appellant told him respondent was supposed to pick up some furniture.

Finally, appellant testified she saw respondent in a high school parking lot in December 2016, when she was picking up her older children.  Respondent testified he had gone to the high school to pick up the children of a friend and that he did not see appellant or her children at the school.  He had only been to the high school on that one occasion in the preceding three years.

Respondent testified regarding his efforts to avoid appellant.  He testified that he avoided going to the town of Sonoma for social activities due to the restraining order and that he had not been to any of his daughter's events during the three years of the order. He confirmed appellant was not a member when he joined his gym, Sonoma Fit.  He saw her at the gym on three subsequent occasions and each time he immediately stopped working out and left the gym.  A Sonoma Fit employee testified that appellant asked whether respondent was a member before she joined, which contradicted appellant's testimony that she did not know he was a member when she joined.

In September 2017, the trial court denied appellant's request for renewal of the restraining order in a detailed written decision.  The court stated it was "cognizant of the basis upon which the initial [r]estraining order was granted," but observed, "[t]he granting of the original [r]estraining order does not confirm that this Court made a finding that every allegation made by [appellant] was true, but that this court found a sufficient factual basis to determine that spousal abuse had occurred."  In regards to the testimony presented at the hearing on the renewal request, the court stated it "generally found [respondent] to be the more credible witness."  In denying the renewal request, the court found "that the factual testimony at the original trial resulting in the granting of the current restraining order is insufficient to provide a basis by itself to support the necessary findings to order the continuation of this restraining order."

4

The present appeal followed.

## DISCUSSION

The Domestic Violence Prevention Act (DVPA) (Fam. Code, § 6200 et seq.)[1] exists "to prevent acts of domestic violence, abuse, and sexual abuse and to provide for a separation of the persons involved in the domestic violence for a period sufficient to enable these persons to seek a resolution of the causes of the violence." (§ 6220.) As provided in section 6345, subdivision (a), a domestic violence prevention restraining order "may be renewed upon the request of a party, either for five years or permanently, without a showing of any further abuse since the issuance of the original order, subject to termination or modification by further order of the court either on written stipulation filed with the court or on the motion of a party. The request for renewal may be brought at any time within the three months before the expiration of the orders."

In *Ritchie*, *supra*, 115 Cal.App.4th 1275, the court of appeal held that, in deciding whether to grant a renewal request under section 6345, "[a] trial court should renew the protective order, if, and only if, it finds by a preponderance of the evidence that the protected party entertains a 'reasonable apprehension' of future abuse." (*Ritchie*, at p. 1290.) "It is not enough this party entertain a subjective fear the party to be restrained will commit abusive acts in the future. The 'apprehension' those acts will occur must be 'reasonable.' That is, the court must find the probability of future abuse is sufficient that a reasonable woman (or man, if the protected party is a male) in the same circumstances would have a 'reasonable apprehension' such abuse will occur unless the court issues a protective order." (*Id.*, at p. 1288.) "In evaluating whether the requesting party has a reasonable apprehension of future abuse, 'the existence of the initial order certainly is relevant and the underlying findings and facts supporting that order often will be enough in themselves to provide the necessary proof to satisfy that test.' " (*Lister v. Bowen* (2013) 215 Cal.App.4th 319, 333, quoting *Ritchie*, at p. 1291; see also *Cueto v. Dozier* (2015) 241 Cal.App.4th 550, 559–560 (*Cueto*).)

---

[1] All undesignated section references are to the Family Code.

"We review an appeal from an order denying a request to renew a domestic violence restraining order for abuse of discretion. [Citations.] . . . [A]n abuse of discretion occurs where ' " 'the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' " ' However, the question of 'whether a trial court applied the correct legal standard to an issue in exercising its discretion is a question of law [citation] requiring de novo review.' " (*Cueto*, *supra*, 241 Cal.App.4th at p. 560.) The trial court's order "is presumed to be correct, and all intendments and presumptions are indulged to support it on matters as to which the record is silent. [Citations.] It is the appellant's burden to affirmatively demonstrate error." (*In re Marriage of Gray* (2002) 103 Cal.App.4th 974, 977–978.)

Appellant contends the trial court abused its discretion in denying her request for lifetime renewal of the restraining order. Her primary contention is that the court failed to give "conclusive" effect to the evidence that supported issuance of the restraining order. In the renewal proceedings, appellant claimed the facts underlying issuance of the original order were alone sufficient to meet her burden of proof. On appeal, appellant argues respondent is collaterally estopped from denying the facts underlying the original order.

Although appellant's 2014 testimony plainly supported issuance of the original restraining order, appellant's collateral estoppel argument is misplaced, because the doctrine only applies where "the issue decided in the prior case is identical with the one now presented." (*Stolz v. Bank of America* (1993) 15 Cal.App.4th 217, 222.) As the trial court below stated, "The granting of the original restraining order does not confirm that this Court made a finding that every allegation made by [appellant] was true, but that this court found a sufficient factual basis to determine that spousal abuse had occurred." That is, the "issue" decided in the prior proceeding was whether appellant established a basis for issuance of a restraining order, not whether *all* the incidents to which she testified were true.

The one case appellant cites that addresses this issue is *Ritchie*, *supra*, 115 Cal.App.4th at page 1290, in which the court of appeal observed that "the trial court should not permit the restrained party to challenge the truth of the evidence and findings underlying the initial order . . . . This would contradict principles of collateral estoppel and undercut the policies supporting those principles. But this does not mean the trial court should be prohibited from looking behind the order itself when evaluating whether that order, often three years old, should be extended another three years or even, as here, permanently." We certainly agree that the restrained party is collaterally estopped from challenging the sufficiency of the evidence to support issuance of the initial restraining order. We also agree courts ordinarily should not entertain new evidence regarding the underlying incidents, because the issue in the renewal proceedings is " 'reasonable apprehension' of future abuse." (*Ibid.*) But *Ritchie* does not hold that a court hearing a renewal request must accept the truth of every piece of evidence presented in support of the original order.[2]

In any event, appellant cites to nothing in the record showing that the trial court permitted respondent to present evidence challenging the basis for the initial restraining order. The court discussed the *Ritchie* decision with counsel during the renewal hearing and observed, "I think at this hearing there is no ability of the restrained party to question the accuracy or the factual basis upon which the trial court made its findings. Those findings were heard. The Court made a finding of domestic violence." The trial court then expressly stated, "So at this time I'm ordering that the parties may not go back and try to prove that the initial restraining order was based on incorrect evidence." The court expressed a willingness to consider further briefing on the issue, but appellant cites to nothing indicating the court changed its ruling. Neither does appellant cite any part of the record suggesting the trial court did not take seriously the conduct underlying the initial

---

[2] We observe that, because *Ritchie's* interpretation of the statute on this point "was not necessary to its resolution" of the case, "it was dicta rather than a holding." (*In re D.Y.* (2018) 26 Cal.App.5th 1044, 1055.) The issue in *Ritchie* was whether the trial court erred in "grant[ing] the renewal . . . on the assumption petitioner was entitled to that order 'just upon request.' " (*Ritchie*, *supra*, 115 Cal.App.4th at p. 1279.)

7

order, or that the court discounted and failed to consider any specific incidents to which appellant testified in 2014.

Instead, the record shows the trial court denied the renewal request based on *additional evidence* developed at the hearing on the request. The court emphasized all the evidence showing respondent's "intentional avoidance of unintended contact" and respondent's testimony "that he goes out of his way to not be in areas where it would occur to him [appellant] might be present." The court noted that, when respondent inadvertently was in the vicinity of appellant, respondent "acted appropriately and left as soon he was aware of [appellant] being present." The court also observed, "The fact that [appellant] was willing to apply for membership and then use the gym knowing that [respondent] was a member causes this Court to question her claim of fearing [respondent]." Further, the court found that appellant, "perhaps unintentionally, uses the restraining order to defame or harass [respondent]." The court referred to appellant's negative comments to another patron about respondent during the incident at the Glen Ellen Lodge, observing "[i]t seems inconsistent that if someone is fearful of domestic violence from someone that they would then take the opportunity to publicly defame that person to a friend of the person of whom they purport to be afraid." The court concluded "that the factual testimony at the original trial resulting in the granting of the current restraining order is insufficient to provide a basis by itself to support the necessary findings to order the continuation of this restraining order."

Appellant disputes the trial court's view of the evidence, but we are required to defer to the court's credibility determinations and make all reasonable inferences in support of the court's findings. (*Cueto*, *supra*, 241 Cal.App.4th at p. 560.) Specifically, appellant argues the trial court should have concluded respondent's child abuse allegation supported appellant's claim of apprehension of future abuse. But the evidence supported an inference that respondent attempted to withdraw the claim not because it was unfounded but because respondent decided he did not want child protective services to get involved. Appellant also argues she did show some concern about avoiding respondent at the gym where they were both members. But reasonable inferences support

8

the trial court's assessment that her willingness to join the gym undermined her claim of fear.[3] Appellant claims her "aggressive behavior" at a bar where she encountered respondent "demonstrates anger and not the absence of fear," but reasonable inferences support the trial court's assessment of the incident. In general, the court's determination that respondent's testimony was more credible than appellant's testimony influenced the court's assessment of the evidence and we are obligated to defer to that determination.[4]

Cueto, supra, 241 Cal.App.4th 550, is distinguishable. In that case, as in the present case, the initial restraining order was issued due to substantial violent conduct that alone could support renewal of the order. (Id. at p. 562.) The court of appeal found the trial court abused its discretion in denying the renewal order. (Id. at p. 563.) But the trial court in Cueto "relied largely on the lack of any violation of the restraining order." (Id. at p. 562.) In the present case, in contrast, the trial court had evidence of affirmative efforts by respondent to avoid appellant, as well as evidence that appellant intentionally put herself in a situation where she could encounter respondent (by joining Sonoma Fit)

---

[3] In her opening brief, appellant argues the trial court erred in denying her request to strike the testimony of the Sonoma Fit employee who testified about appellant's enrollment at the gym. Appellant contends the testimony should have been stricken under Evidence Code section 771, because the employee used gym records to refresh her recollection but did not produce the records at trial. However, the trial court *did* strike the portion of her testimony "dealing with the dates," because the employee said that the records provided the "exact dates" when the parties joined the gym. Appellant has not shown error. Evidence Code section 771, subdivision (a) only requires the striking of testimony "concerning [the] matter" that was refreshed by the writing. Under the trial court's ruling, the testimony still stands that appellant knew respondent was a member when she enrolled, which was the relevant information.

We also reject appellant's similar claim that testimony of the sheriff's deputy who received respondent's child abuse allegation should have been stricken because he used his report to refresh his recollection but did not produce the report in court. Any error was harmless, because the child abuse allegation is part of the evidence appellant employed to argue *in favor of* the renewal request.

[4] We reject appellant's suggestion that the vigorous litigation surrounding the renewal request, and the evidence developed in that context, shows the parties have not "moved on with their lives so far that the opportunity and likelihood of future abuse has diminished." (Ritchie, supra, 115 Cal.App.4th at p. 1291.) The trial court was entitled to credit the evidence respondent had moved on and was avoiding contact with appellant.

9

and used the restraining order to defame respondent (the incident at the Glen Ellen Lodge). Moreover, in *Cueto*, the restrained party failed to attend anger management classes he had been directed to attend (*ibid*.); appellant has not pointed to any analogous failures by respondent. Finally, the trial court in *Cueto* told the previously-restrained party that "if there is 'any contact,' the [trial] court would 'strongly consider another restraining order.' " (*Ibid.*) This admonishment suggested that the party seeking renewal of the restraining order had demonstrated reasonable apprehension of future abuse. (*Ibid.*) Again, appellant points to nothing comparable in the present case.[5]

## DISPOSITION

The trial court's order is affirmed and the matter is remanded for further proceedings consistent with this decision. Costs on appeal are awarded to respondent.

---

[5] We reject appellant's request that further proceedings should be heard by a different trial court judge. Appellant has not shown any bias or appearance of bias on the part of the trial court judge below. (See *Nevarez v. Tonna* (2014) 227 Cal.App.4th 774, 786.) Furthermore, appellant's May 16, 2018 motion for sanctions against respondent and his appellate counsel is denied.

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BRUINIERS, J. *

(A152825)

_____

* Retired Associate Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re the Marriage of HEATHER MARTINDALE and RAYMOND OCHOA. | |
| HEATHER MARTINDALE, Appellant, v. RAYMOND OCHOA, Respondent. | A152825 **ORDER MODIFYING OPINION AND CERTIFYING OPINION FOR PUBLICATION** **[NO CHANGE IN JUDGMENT]** (Sonoma County Super. Ct. No. SFL-65050) |

THE COURT:

It is ordered that the opinion filed December 7, 2018 be modified as follows:

(1)     On page 7, after the sentence "We also agree courts ordinarily should not entertain new evidence regarding the underlying incidents, because the issue in the renewal proceedings is ' "reasonable apprehension" of future abuse.' ", add a new footnote 2, "Neither party argues it had new evidence to present at the renewal hearing regarding incidents underlying the original order that was improperly excluded by the trial court.  Therefore, we need not and do not address when such evidence is admissible as to a factual issue not conclusively established by collateral estoppel."

(2)      All further footnotes should be renumbered accordingly.

The opinion in the above-entitled matter, filed on December 7, 2018, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports.

There is no change in the judgment.

Dated: _____    _____, Acting P.J.

Superior Court of Sonoma County, No. SFL-65050, Hon. Robert S. Byrd, Judge.

Greg Jilka for Appellant.

Perry, Johnson, Anderson, Miller & Moskowitz, Deborah S. Bull; Law Offices of William B. Doty and William B. Doty for Respondent.