Filed 10/18/21  Darehshiri v. Aghamahmoudi CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| HOMEIRA DAREHSHIRI, | D077593 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 18FDV00463C) |
| ALIREZA AGHAMAHMOUDI, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Truc T. Do, Judge.  Affirmed.

Homeira Darehshiri, in pro. per., for Plaintiff and Appellant.

Law Office of Troy P. Owens, Jr. and Troy P. Owens, Jr. for Defendant and Respondent.

Plaintiff Homeira Darehshiri, appearing in propria persona as she did in the trial court, appeals from an order denying her petition to renew a domestic violence restraining order (renewal petition) against her former spouse, defendant Alireza Aghamahmoudi.  Proceeding by way of a proposed settled statement that was substantially modified by the trial court to ensure an accurate summary of the evidence and proceedings (settled statement), Darehshiri contends that the trial court committed a myriad of legal errors in

denying the renewal of the domestic violence restraining order (DVRO) and that, in any event, no substantial evidence supports the court's findings in support of that order.

As we explain, because this is an appeal on a short record, in which the settled statement summarizes the evidence adduced during the evidentiary hearing, "we are bound to assume that enough appears [in the record] to enable us to decide whether reversible error was committed and we must make our ruling upon the basis of what affirmatively appears in the record." (*Sloan v. Stearns* (1955) 137 Cal.App.2d 289, 293, citing *Estate of Pierce* (1948) 32 Cal.2d 265, 274; see *Kovacik v. Reed* (1957) 49 Cal.2d 166, 170 (*Kovacik*) [noting "the evidence to support the essential findings and conclusions [of the trial court] must be found in the settled statement"].)

Based on these principles, we conclude the trial court did not commit legal error when it denied the renewal petition, including by refusing to transfer the case to the trial judge who first heard and ruled on the original DVRO, as plaintiff argues. We further conclude the findings of the trial court, that plaintiff did not objectively entertain an apprehension of future abuse by defendant and that the parties had "moved on" since the issuance of the DVRO, are supported by substantial evidence. Affirmed.

## I. FACTUAL AND PROCEDURAL OVERVIEW

### A. Initial Application

Plaintiff alleged under penalty of perjury in support of her request for a DVRO that defendant committed domestic violence against her on the evening of January 25, 2018. Earlier that day, without defendant's knowledge, plaintiff called defendant's mother in Iran. When defendant learned of the call, he first threatened to kill plaintiff, then used his elbow and fist to strike her in the chest and face, while calling her a " 'son of a

2

bitch' " and a " 'whore' " in Farsi. Plaintiff's minor son S.F., then 12 years of age (minor), witnessed the incident. Plaintiff called 911. Although defendant denied physically abusing plaintiff, he was taken into custody.

Plaintiff further alleged that defendant engaged in domestic violence the night before the January 25 incident, when, again in the presence of minor, he struck her in the chest at least two times. Plaintiff also alleged other incidents of domestic violence, including in August 2017. In her application for a restraining order she requested move-out and stay-away orders for herself and minor. On January 30, 2018, plaintiff obtained a temporary DVRO against defendant.

On April 9, 2018, plaintiff filed an ex parte application seeking to terminate the temporary DVRO because she wanted to "go to counseling" with defendant. The trial court denied plaintiff's termination request.

The hearing on the permanent DVRO was continued multiple times. After an evidentiary hearing, the trial court on October 10, 2018, issued a DVRO in favor of plaintiff and minor that expired on October 9, 2019.

## B. Renewed Application to Extend the DVRO

On September 23, 2019, plaintiff filed the renewal petition. In support of her petition, plaintiff attached a 10-page, single-spaced declaration. Under the heading, "Recent Incident[s] and Violation of the [DVRO]," plaintiff under penalty of perjury alleged various incidents when defendant allegedly had violated the DVRO.

Plaintiff alleged that defendant (1) followed her into a store and passed by her, violating the requirement he stay at least 100 yards from her; (2) followed her in his vehicle as she drove on the freeway; (3) logged into her social media account; and (4) used her "[d]ata Internet" from her cellphone carrier. Plaintiff also alleged that defendant was making her "look bad in

3

Iranian society by talking behind [her back] and tell[ing] everyone [she was] crazy and should be hospitalized," which behavior she attributed to defendant's "revengeful personality and his anger" because she had called police due to his domestic violence.

Plaintiff's declaration in support of the renewal petition also included incidents of alleged domestic violence between her and defendant that predated the DVRO; threats defendant allegedly made to her and/or minor that also predated the DVRO; and instances when he exhibited what she referred to as his "revengeful personality," among other subject matters.

Plaintiff declared she awakens every morning in fear of defendant, and as a result, suffers from severe anxiety and is unable to sleep without medication. She thus requested the court renew the DVRO for the "maximum time" allowed in order to protect her and minor.

On September 27, 2019, plaintiff moved ex parte to have the trial judge that originally issued the DVRO reassigned to hear the renewal petition. That request was denied.

The hearing on the renewal petition was continued to February 19, 2020. In continuing the hearing at the request of both parties, the trial court ordered the DVRO, which was set to expire on October 9, 2019, to remain in full force and effect pending the outcome of the renewal hearing.

### C. Denial of the Renewal Petition

The unreported evidentiary hearing on the renewal petition commenced on February 19, 2020. As noted, plaintiff in this appeal has proceeded by way of a proposed settled statement, which she submitted on June 8, 2020. As also noted, the court found plaintiff's proposed settled statement inaccurate in certain respects, and modified it accordingly to read in part as follows:

4

"[Plaintiff] confirmed her declaration in support of the request to renew was true and accurate and that she had no changes to make. The court inquired of [Plaintiff] regarding the basis of her request, including but not limited to allegations of violations subsequent to the Restraining Order After Hearing ('ROAH') that issued on October 8, 2018.[1] After [Plaintiff]'s direct examination, [Defendant] declined to cross examine [Plaintiff]. At the conclusion of [Plaintiff]'s testimony, [Defendant] moved for judgment pursuant to [Code Civ. Proc.,] § 631.8.[2] The court granted [Defendant]'s motion and denied [Plaintiff]'s request to renew the restraining order. The court gave the following oral statement of decision from the bench.

"Under the totality of the circumstances and weighing the credibility of all evidence presented, the court found [Plaintiff] had not met her burden of proof for a renewal pursuant to Family Code § 6345 and *Ritchie v. Konrad* [citation]. The court found that [Plaintiff] entertained a subjective fear of future abuse and desired a renewal for her lifetime. The court did not find under an objective standard there was credible evidence of a reasonable apprehension of future abuse. The court found that [Plaintiff]'s testimony demonstrated there had not been any subsequent violations of the ROAH as she alleged. Exhibits 4 and 14, which the court admitted over [Defendant]'s objections despite well-taken objections as to foundation and inadmissible hearsay, failed to establish that [Defendant] had telephoned [Plaintiff] or 'hacked' into her social media, as she alleged. Finally, the court found [Plaintiff]'s allegations that [Defendant] 'followed' her into a grocery store or on a highway not substantiated by her own testimony. The court concluded from the evidence that the parties

---

1    As noted, the DVRO actually issued on October 10, 2018.

2    Subdivision (a) of Code of Civil Procedure section 631.8 states in part: "After a party has completed his presentation of evidence in a trial by the court, the other party, without waiving his right to offer evidence in support of his defense or in rebuttal in the event the motion is not granted, may move for a judgment. The court as trier of the facts shall weigh the evidence and may render a judgment in favor of the moving party, in which case the court shall make a statement of decision as provided in Sections 632 and 634, or may decline to render any judgment until the close of all the evidence."

5

had sufficiently moved on since the ROAH and [Plaintiff]'s fear was not reasonable under an objective standard. Accordingly, the court denied [Plaintiff]'s request for a lifetime renewal of the ROAH."

## II. DISCUSSION

### A. Renewal of a DVRO

Family Code section 6345[3] governs renewal of a DVRO. Subdivision (a) of this statute provides for renewal of a restraining order "[i]n the discretion of the court, . . . upon the request of a party, either for five years or permanently, without a showing of further abuse since the issuance of the original order, subject to termination or modification by further order of the court either on written stipulation filed with the court or on the motion of a party." Although the protected party need not show further abuse, the court may only renew the protective order "if, and only if, it finds by a preponderance of the evidence that the protected party entertains a 'reasonable apprehension' of future abuse." (*Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1290 (*Ritchie*); accord *In re Marriage of Martindale & Ochoa* (2018) 30 Cal.App.5th 54, 59 (*Martindale*).)

The *Ritchie* court explained this standard sets an objective test for renewal of a protective order. "It is not enough [the requesting] party entertain[s] a subjective fear the party to be restrained will commit abusive acts in the future. The 'apprehension' those acts will occur must be 'reasonable.' That is, the court must find the probability of future abuse is sufficient that a reasonable woman (or man, if the protected party is a male) in the same circumstances would have a 'reasonable apprehension' such abuse will occur unless the court issues a protective order." (*Ritchie, supra,*

---

3    All further statutory references are to the Family Code unless otherwise indicated.

6

115 Cal.App.4th at p. 1288; accord, *Cueto v. Dozier* (2015) 241 Cal.App.4th 550, 561 (*Cueto*).)

" 'In evaluating whether the requesting party has a reasonable apprehension of future abuse, "the existence of the initial order certainly is relevant and the underlying findings and facts supporting that order often will be enough in themselves to provide the necessary proof to satisfy that test." ' " (*Martindale, supra*, 30 Cal.App.5th at p. 59; accord, *Lister v. Bowen* (2013) 215 Cal.App.4th 319, 333 (*Lister*).)  Other potentially relevant factors include " 'any significant changes in the circumstances surrounding the events justifying the initial protective order.  For instance, have the restrained and protected parties moved on with their lives so far that the opportunity and likelihood of future abuse has diminished to the degree they no longer support a renewal of the order?' [Citation.]  Also relevant are the seriousness and degree of risk, such as whether it involves potential physical abuse, and the burdens the protective order imposes on the restrained person, such as interference with job opportunities." (*Lister, supra*, at p. 333; accord, *Cueto, supra*, 241 Cal.App.4th at p. 560.)

## B.  Standard of Review

"We review an appeal from an order denying a request to renew a domestic violence restraining order for abuse of discretion.  [Citations.]  [A]n abuse of discretion occurs where ' " 'the trial court exceeded the bounds of reason.  When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' " '  However, the question of 'whether a trial court applied the correct legal standard to an issue in exercising its discretion is a question of law [citation] requiring de novo review.' " (*Cueto, supra*, 241 Cal.App.4th at p. 560; accord, *Martindale, supra*, 30 Cal.App.5th at p. 59.)

### C. The Presumption of Correctness and an Appellant's Burden on Appeal

"[I]t is a fundamental principle of appellate procedure that a trial court judgment [or order] is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment [or order]." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) "This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim. The appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record." (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557.) Accordingly, the California Rules of Court expressly require appellate briefs to "[s]tate each point . . . and support each point by argument and, if possible, by citation of authority" and to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).)[4]

"It is not our place to construct theories or arguments to undermine the judgment [or order] and defeat the presumption of correctness." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 (*Benach*).) Consequently, "[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as [forfeited]." (*Ibid.*) Likewise, " '[i]f a party fails to support an argument with the necessary citations to the record . . . the argument [will be] deemed to have been [forfeited]. [Citation.]' [Citations.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 (*Nwosu*).)

---

4       All further references to rules are to the California Rules of Court.

These rules of appellate procedure apply to both parties represented by legal counsel and self-represented parties. (See *Nwosu, supra*, 122 Cal.App.4th at pp. 1246-1247.) "A party proceeding in propria persona 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' " (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.)

## D. Analysis

Here, plaintiff has raised numerous claims of error for our consideration. We note that many, if not all, of her claims are unsupported by reasoned argument and/or citations to authority and/or to citations to the record. Consequently, such claims of error are forfeited on appeal. (See *Benach, supra*, 149 Cal.App.4th at p. 852; *Nwosu, supra*, 122 Cal.App.4th at p. 1246 [noting a party proceeding in propria persona is "not exempt" from the rules of appellate procedure].) In any event, reviewing plaintiff's claims of error as best as we are able, we conclude they lack merit.

### 1. Legal Challenges

First, plaintiff argues the trial court was "prejudiced against" her because in late September 2019 she moved ex parte to have the case transferred back to the trial judge (i.e., Judge Hoy) who had originally issued the DVRO in October 2018, for consideration of the renewal petition. The hearing on plaintiff's request took place on September 30, 2019, and, like all other hearings in this case, was unreported. As noted *ante*, the trial court denied that request.

The settled statement provides plaintiff "was sworn in by the court clerk" at the September 30 hearing and "after hearing [Plaintiff]'s argument, the court found there was no good cause to transfer the DV-700 [i.e., renewal petition] to Judge Hoy and denied [Plaintiff]'s ex parte request."

9

We find this claim of error unavailing. Plaintiff did not seek to disqualify the trial judge at any point before the renewal hearing or after the order denying the renewal petition had been entered. (See Code Civ. Proc., § 170.3.) Nor did she preserve a claim of "prejudice" or bias by objecting to any alleged impropriety. (*Moulton Niguel Water Dist. v. Colombo* (2003) 111 Cal.App.4th 1210, 1218.) And there is no indication in the record that the trial court was "prejudiced" or biased against plaintiff, as she claims in her brief.

Second, plaintiff argues the trial court erred when, over defendant's objection, it granted her only a 21-day continuance of the hearing on the renewal petition (i.e., from January 10 to January 31, 2020). Plaintiff argues she needed more than 21 days to obtain legal counsel to represent her at the hearing, and therefore, the court committed reversible error.

The settled statement provides that at the January 10 hearing, "[Plaintiff] requested a continuance to obtain legal counsel. [Defendant] objected to the continuance. The court expressed concerns with [Plaintiff]'s request for a continuance since she had objected to [Defendant]'s request to continue the hearing on October 18, 2019, and stated she was ready to proceed [in propria persona] on that date. The court also noted that [Plaintiff] has had nearly *three months* to retain legal representation. Over [Defendant]'s objection, the court granted [Plaintiff]'s request for a continuance and continued the hearing to January 31, 2020. The Farsi interpreter confirmed his availability to return on that date. The court advised the parties no further continuances would be granted unless there was a showing of good cause." (Italics added.)

We likewise reject this claim of error. The grant or denial of a request to continue is within a trial court's sound discretion. (*Dailey v. Sears,*

10

*Roebuck & Co.* (2013) 214 Cal.App.4th 974, 1004.) Moreover, it does not appear from the record what steps plaintiff took, if any, either before or after the January 10 hearing, to obtain legal representation. Nor, according to the settled statement, did she ask for another continuance of the renewal hearing on January 31. In any event, the record shows plaintiff had more than three months to obtain legal counsel in this case and, her not doing so, is in no way attributable to any error or abuse of discretion by the trial court.

Third, plaintiff argues the trial court erred by requiring her to testify at the renewal hearing through a Farsi interpreter, despite the fact she could understand and respond in English to the court's questioning. Plaintiff argues the interpreter had a negative attitude toward her that compromised her case.

The settled statement provides that "[d]uring her testimony, [Plaintiff] would testify in Farsi and the interpreter translated her testimony to English. At times, however, [Plaintiff] would answer in English. The court explained to [Plaintiff] that she needed to answer in Farsi even if she understood the English and allow the Farsi interpreter to assist her as *she* requested. [Plaintiff] stated she understood and would follow the court's procedure. The proceedings continued with the assistance of the Farsi interpreter. At no time did [Plaintiff] request to relieve the Farsi interpreter." (Italics added.)

The record shows plaintiff first requested an interpreter who spoke Farsi for a hearing on September 14, 2018. On September 18, she again requested a Farsi interpreter for a hearing to be held on October 4. In her September 18 request, plaintiff specifically asked that Dr. Badi Badiozamani be appointed as her interpreter as he also had interpreted for her at the September 14 hearing. Plaintiff asked for this same interpreter for the

11

October 18, 2019 hearing on the renewal petition. The settled statement provides this *same* interpreter assisted plaintiff on October 18, 2019, January 10, 2020, and February 19, 2020.

We also find this claim of error unavailing. The record shows that (1) it was plaintiff and not the court who requested the appointment of a Farsi interpreter in this case; and (2) plaintiff specifically requested the *same* Farsi interpreter be assigned to her case for all court hearings dating back at least to September 18, 2018, before the original DVRO issued. Thus, any error regarding the use of an interpreter was invited by plaintiff. (See *County of Los Angeles v. Southern Cal. Edison Co.* (2003) 112 Cal.App.4th 1108, 1118 ["The doctrine of invited error prevents a party from asserting an alleged error as grounds for reversal when the party through its own conduct induced the commission of the error."]; *Santa Clara Waste Water Co. v. Allied World National Assurance Co.* (2017) 18 Cal.App.5th 881, 888 ["Under the invited error doctrine, a party cannot challenge a court's finding made at its insistence."].) In any event, there is no indication in the record that the interpreter misquoted plaintiff's testimony during the renewal hearing or otherwise prejudiced her by his requested appointment.

## 2. Substantial Evidence Challenge

Before reaching plaintiff's claim that the court erred in not considering certain evidence and that its findings in support of denial of the renewal petition are not supported by substantial evidence, we first address plaintiff's evidentiary summary in her appellate brief.

As part of her appellate burden, plaintiff was obligated to provide a statement of facts in her opening brief in conformance with rule 8.204(a)(2)(C), which requires a "summary of the significant facts limited to matters in the record." Under this rule, plaintiff was required to "summarize

*all* the evidence presented" in the evidentiary hearing. (See *Silva v. See's Candy Shops, Inc.* (2016) 7 Cal.App.5th 235, 260, italics added; *Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738 (*Schmidlin*) [recognizing that a " 'party who challenges the sufficiency of the evidence to support a particular finding must *summarize the evidence* on that point, *favorable and unfavorable*, and *show how and why it is insufficient*' " or risk having the claim of error forfeited on appeal].)

We note, however, that plaintiff's summary of the evidence is not only decidedly one-sided, but much of it conflicts with the evidence in the settled statement, which is the evidence that guides our appellate review in this case. (See *Kovacik*, *supra*, 49 Cal.2d at p. 170 [noting "the evidence to support the essential findings and conclusions [of the trial court] must be found in the settled statement"].) Thus, to the extent plaintiff relies on evidence outside the record (i.e., the settled statement and clerk's transcript), we do not consider it.[5]

As is evident, plaintiff also misunderstands our role as a reviewing court. We review the trial court's factual findings for substantial evidence. If those findings are supported by sufficient evidence, we are bound to accept

---

[5]     It appears from the settled statement, which was filed on October 19, 2020, that at some point plaintiff sought to challenge the modifications made by the court to plaintiff's proposed settled statement, which she had filed on June 8, 2020. We note, however, that plaintiff did not sign or date her request for such modifications and/or objections to the changes made by the court to her June 8 proposed statement. Thus we have no way of knowing whether plaintiff's request was timely. (See rule 8.137(g) [stating any proposed modification or objection to a trial court's changes to a proposed settled statement must be filed and served with the court within 10 days of service].) In any event, it appears from the record that plaintiff merely disagreed with the trial court's summary of the evidence in its October 19 settled statement.

13

them, even if there is conflicting evidence that might have supported a different finding. (See *Brewer v. Murphy* (2008) 161 Cal.App.4th 928, 935; see also *Axis Surplus Ins. Co. v. Reinoso* (2012) 208 Cal.App.4th 181, 189 [recognizing a reviewing court does not reweigh the evidence and is bound to the trial court's credibility determinations].) We therefore cannot relitigate the merits of plaintiff's renewal petition and make new findings, as she requests, but instead review the record to determine whether it contains substantial evidence to support those made by the trial court.

The settled statement provides the "court questioned [Plaintiff] regarding the allegations contained in her declaration [in support of her renewal petition]. . . . [¶] The Court inquired about [Plaintiff]'s declaration that [Defendant] 'followed' her into a shopping center 'to intimidate and frighten' her. [Plaintiff] testified this incident . . . occurred in approximately May 2019. [Plaintiff] testified she was exiting a grocery store when she saw [Defendant] enter the store. They passed each other briefly. [*Defendant*] *never spoke to* [*Plaintiff*] *nor approached her.* [Plaintiff] exited the store into the parking lot and called the police. She did not see [Defendant] again after exiting the store. [Plaintiff] testified she felt intimidated by the encounter and believed [Defendant] followed her. [Plaintiff] testified that both parties live in the same area." (Italics added.)

Regarding an incident in June 2019 when plaintiff was driving, the settled statement provides plaintiff " 'believed' " it was defendant's vehicle that was following her vehicle as she drove on a freeway because the vehicle " 'looked the same' " as his, "but she was not certain." The other vehicle never passed her or pulled up next to her vehicle. Panicked, plaintiff exited the freeway, went into a grocery store, and asked the manager to call an ambulance to take her to the emergency room. Plaintiff "testified the vehicle

14

she believed driven by [Defendant] did not follow her off the exit and she never saw it again that day."

The settled statement also provides the court questioned plaintiff regarding exhibits 4 (subscriber records from her cellphone account) and 14 (records regarding login activity for her social media account). Defense counsel objected to these exhibits on the grounds they "lacked foundation and authentication, contained inadmissible hearsay, and [were] inadmissible pursuant to Evidence Code § 352." Although the objections were "well taken," the trial court overruled them and admitted the two exhibits. "The court examined the exhibits with [Plaintiff]. Upon specific inquiry by the court, [Plaintiff] was unable to explain how the records established [Defendant] had either logged into her [social media] account or used her internet data."

The settled statement provides the trial court asked plaintiff if she wished to provide any additional information in support of her renewal petition. "[Plaintiff] asked the court to listen to an audio recording allegedly of [Defendant] threatening her son, but [Plaintiff] neither lodged a copy with the court [n]or had it available in court."

The settled statement provides the trial court found that exhibits 4 and 14 did not establish that defendant "had telephoned [Plaintiff] or 'hacked' into her social media, as she alleged." The court also found plaintiff's allegations that defendant " 'followed' her into a grocery store or on a highway not substantiated by her own testimony"; and that, based on the evidence, "the parties had sufficiently moved on since the ROAH and [Plaintiff's] fear was not reasonable under an objective standard."

Based on the settled statement and the clerk's transcript, we conclude the evidence in the record amply supports the court's findings that plaintiff

did not objectively entertain an " 'apprehension' of future abuse" (see *Ritchie*, *supra*, 115 Cal. App.4th at p. 1290) and that the parties had sufficiently "moved on" since the issuance of the DVRO (see *Lister*, *supra*, 215 Cal.App.4th at p. 333). Therefore, we reject this claim of error.[6] We also find the settled statement fully resolves plaintiff's claim that the trial court, in ruling to deny the renewal petition, did not consider exhibits 4 and 14, or the alleged audio recording of defendant threatening minor.

### DISPOSITION

The order denying plaintiff's renewal petition is affirmed.

HALLER, Acting P. J.

WE CONCUR:

AARON, J.

DATO, J.

---

[6] We note our decision is limited to the appellate record in this case. As such, our decision is not a bar to the parties seeking future protection, if necessary, based on new incidents of abuse.