Filed 6/2/22  Owens v. Simonet CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| CHRISTINE OWENS,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>MAHERSHAL SIMONET,<br><br>Defendant and Respondent. | 2d Civil No. B315204<br>(Super. Ct. No. D401700)<br>(Ventura County) |

Christine Owens appeals from the order dissolving a temporary restraining order (TRO) and dismissing her petition for a restraining order.  She contends the trial court erred in ruling against her based on her absence at the hearing.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Owens filed a request for a domestic violence restraining order against Mahershal Simonet.  The trial court issued a TRO and ordered that it would expire at the end of the hearing scheduled for July 9, 2021.  At her request, the hearing was continued to August 6, and the TRO was extended to that

date.

Owens's attorney sent her an email that stated in part: "For the August 6, 2021 hearing, if you are not going to be there, the clerk said the Judge can make a decision by ruling on the pleadings (based on everything you submitted in writing without testimony)." Owens filed several declarations.

On August 6, Simonet testified through video conferencing. Owens did not appear. The court ordered the TRO dissolved and the petition dismissed with prejudice.

## DISCUSSION

Owens contends the trial court erred by dissolving the temporary restraining order and dismissing her petition after she failed to appear at the hearing. No error has been shown.

"'We review an appeal from an order denying a request to renew a domestic violence restraining order for abuse of discretion.'" (*In re Marriage of Martindale & Ochoa* (2018) 30 Cal.App.5th 54, 59.) Likewise, the "denial of a permanent injunction . . . will not be disturbed on appeal absent a showing of a clear abuse of discretion. . . . '[T]o the extent the trial court had to review the evidence to resolve disputed factual issues, and draw inferences from the presented facts, [we] review such factual findings under a substantial evidence standard.'" (*Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 390.)

The TRO expired at the end of the hearing on August 6. A party seeking to extend a TRO has the burden to establish that they still have "a 'reasonable apprehension' of future abuse." (*Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1290.)

The only record of the August 6 hearing is the minute order. It does not state that the court's order was based on

2

Owens's absence at the hearing, or whether the court considered documents Owens had submitted. A court reporter was present, but Owens elected to proceed on appeal without a record of the oral proceedings.

"The trial court's order 'is presumed to be correct, and all intendments and presumptions are indulged to support it on matters as to which the record is silent. [Citation.] It is the appellant's burden to affirmatively demonstrate error.'" (*In re Marriage of Martindale & Ochoa*, *supra*, 30 Cal.App.5th 54, 59.) Because the appellate record is silent as to what evidence the trial court considered, and the reasons for its ruling, Owens has failed to demonstrate error. We must therefore affirm.

Owens additionally contends that several individuals and entities committed crimes and invites this court to investigate those alleged crimes. Because we lack the authority to conduct criminal investigations, we must decline this invitation.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

TANGEMAN, J.

We concur:

GILBERT, P. J.          YEGAN, J.

3

William R. Redmond, Judge

Superior Court County of Ventura

_____

Christine Owens, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.