Filed 9/8/22  Mackinga v. Mackinga CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| KELLY MACKINGA,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>DARREL MACKINGA,<br><br>     Defendant and Respondent. | 2d Civil No. B314989<br>(Super. Ct. No. 17FLP-0313)<br>(San Luis Obispo County) |

Appellant Kelly Mackinga appeals from the order renewing a domestic violence restraining order (DVRO).  (Fam. Code, § 6300 et seq.)  She contends the trial court abused its discretion when it excluded her minor children as protected parties.[1]  We affirm.

---

[1] Respondent has not filed a responsive brief.  Accordingly, we "decide the appeal on the record, the opening brief, and any oral argument by the appellant."  (Cal. Rules of Court, rule 8.220(a)(2).)

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant Kelly Mackinga and respondent Darrel Mackinga separated in June 2017. Their marriage was dissolved in January 2019. They had three children together ("the children").

In August 2019, appellant filed a request for a DVRO. She included a text message respondent sent her in April in which he said, "Now just fuck off and die already." In a series of texts in August, respondent complained that appellant was "keeping me out of my kids' lives," and used profanities. He texted, "Wish you would just fucking die!" When she said she would call the police, he texted, "Do it!! I can't fucking wait!!! Looking at my tucking [sic] gun!!!"

The request for DVRO stated the children needed protection because respondent "cannot control his anger," "lets himself go" when drunk, and "is not safe for our kids to be with." Appellant stated that the children did not want to be with respondent, who rarely visited with them.

In June 2020, the court issued a DVRO based on the stipulation of the parties. The order prohibited respondent from harassing, threatening, or assaulting appellant or the children, destroying their personal property, or coming within 100 yards of appellant's person, home, or vehicle. The court ordered that respondent and the children participate in conjoint therapy with a licensed therapist "to help Respondent and the children re-establish their relationships." The order expired on May 15, 2021.

In April 2021, appellant filed a request to renew the DVRO. She summarized the prior incidents and said she was afraid respondent would abuse her in the future because he had abused

her after previous temporary restraining orders had expired. Respondent asked that the request be denied.

An evidentiary hearing was heard in August, when the children were 12, 14, and 16 years old. Appellant testified that in April 2021, all four tires were slashed on the eldest daughter's car in their driveway. The car had been obtained after appellant and respondent separated. The same night, all four tires were slashed on the vehicle of respondent's ex-girlfriend in her driveway. Appellant was afraid respondent would enter her house, so she and the children left the house for three days.

Respondent testified the text message about his gun in April 2019 was not a threat and denied slashing the tires. He said he never physically abused appellant and never threatened to use physical force against the children, followed them, or went to their school or church.

Respondent testified that appellant "intervene[d]" and "controlled" when he could see the children. His only means to contact them was through the elder daughter's phone. He admitted occasionally calling or texting them on days not authorized by the court. The children never responded to his calls or texts. He complained that appellant never gave him pictures of the children. At the time of the hearing, he was employed and living in Oklahoma with a one-year lease.

The trial court found that respondent slashed the tires, but the court was not convinced he knew it was his daughter's car. The court found that appellant had a reasonable apprehension of future abuse. The court stated that the children were reluctant to foster a relationship with respondent, but there was no evidence they were threatened or had a reasonable apprehension of future abuse. The court renewed the DVRO for five years, but

amended it to include only appellant, and not the children, as protected parties.

The court stated it was "trying to promote frequent and continuing contact with the children." The court suggested that the younger children get their own cell phones so respondent could contact them directly and suggested that appellant ask the children to send respondent their pictures "[s]o they know that he cares." The court asked respondent's attorney to "counsel" respondent "to use the most extreme caution" regarding the content of texts he sent the children.

## DISCUSSION

Appellant contends the trial court abused its discretion when it failed to include the children in the renewed restraining order. We disagree.

### *Renewal of DVRO*

A DVRO "may be renewed, upon the request of a party, either for five years or permanently, without a showing of further abuse since the issuance of the original order." (Fam. Code, § 6345, subd. (a).)

"'We review an appeal from an order denying a request to renew a domestic violence restraining order for abuse of discretion.'" (*In re Marriage of Martindale & Ochoa* (2018) 30 Cal.App.5th 54, 59 [affirming denial of DVRO renewal].) We review factual findings for substantial evidence. (*In re Marriage of Davila & Mejia* (2018) 29 Cal.App.5th 220, 226.)

Appellant relies on authority that "any violation of a restraining order is very serious, and gives very significant support for renewal of a restraining order." (*Lister v. Bowen* (2013) 215 Cal.App.4th 319, 335.) But the violations here did not require renewal as to the children. Although respondent

admitted contacting the children outside the times specified by the court, the evidence did not establish that these violations were harassing or abusive. Slashing the vehicle tires was a serious violation, but substantial evidence supported the conclusion that respondent may not have known it was his daughter's car.

"A trial court should renew the protective order, if, and only if, it finds by a preponderance of the evidence that the protected party entertains a 'reasonable apprehension' of future abuse." (*Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1290.) The court must consider "all relevant facts and circumstances," including conduct prior to the original restraining order relevant to fear of future abuse. (*In re Marriage of Brubaker & Strum* (2021) 73 Cal.App.5th 525, 529, 540-541.) "Also potentially relevant are any significant changes in the circumstances surrounding the events justifying the initial protective order." (*Ritchie v. Konrad, supra,* 115 Cal.App.4th at p. 1291.)

Changed circumstances here included reduction in risk based on respondent's relocation to Oklahoma. (See *Ritchie v. Konrad, supra,* 115 Cal.App.4th at p. 1293 [respondent's move to Nevada a changed circumstance].) There was no evidence that respondent physically abused the children or threatened to do so. The trial court found there was no showing the children had a reasonable apprehension of future abuse. Substantial evidence thus supports the conclusion that failure to include the children would not jeopardize their safety. (Fam. Code, § 6340, subd. (a)(1).)

### Discretion to include family members

A court may issue a DVRO to enjoin a party from attacking, threatening, harassing, or contacting "the other party, and, in the

discretion of the court, on a showing of good cause, of other named family or household members." (Fam. Code, §§ 6320, subd. (a), 6340, subd. (a)(1).) "[T]he court must consider the totality of the circumstances" and has "discretion . . . to include family or household members as protected parties on a showing of good cause." (*J.H. v. G.H.* (2021) 63 Cal.App.5th 633, 643; Fam. Code, § 6301, subd. (c).)

In *J.H. v. G.H.*, the Court of Appeal upheld the trial court's exclusion of the children from the DVRO. There, J.H. threatened to make G.H. "disappear" and "called her names in front of the children." (*J.H. v. G.H.*, *supra*, 63 Cal.App.5th at p. 638.) He used physical force against their son and physically abused G.H. in the presence of their daughter. (*Id.* at pp. 637-638.) As a result, both children developed emotional problems. (*Id.* at p. 638.) "In declining to include the children as protected parties, the court provided *two* reasons: (1) it did not believe J.H. presently posed any threat or danger to the children; and (2) it wanted the children and J.H. to begin working on repairing their relationship, which the court felt was in the children's long term best interests." (*Id.* at pp. 643-644.) The appellate court concluded that "the court's decision to exclude the children from the DVRO was not outside the bounds of reason." (*Id.* at p. 645.)

Here, substantial evidence supported the trial court's conclusion that the vandalism of the daughter's car may not have been directed at her. And, as in *J.H. v. G.H.*, *supra*, 63 Cal.App.5th at p. 645, the court acted within its discretion when it considered furthering the children's relationship with respondent when it excluded them from the DVRO.

*Gou v. Xiao* (2014) 228 Cal.App.4th 812, upon which appellant relies, is inapposite. There, the trial court erred when

it applied the wrong definition of "victim" and summarily denied a DVRO without a hearing. (*Id*. at pp. 817-818.) The appellate court remanded for a hearing but "express[ed] no opinion on how the trial court should exercise its discretion[] . . . in determining whether or not to issue a DVRO in favor of appellant, the child, or both." (*Id*. at p. 818.)

The trial court's request that respondent's attorney "counsel" him to use caution regarding texts he sent the children does not establish that the court abused its discretion. This case is unlike *Cueto v. Dozier* (2015) 241 Cal.App.4th 550, relied upon by appellant. There, the trial court denied the motion to renew the DVRO but inconsistently warned that respondent did not have "'free license to contact [the petitioner] in any way.'" (*Id*. at p. 558.) The Court of Appeal stated, "The trial court's comments bolster our conclusion that Cueto had demonstrated a reasonable apprehension of future abuse." (*Id*. at p. 562.) But the trial court's comments here do not show it believed the children had a reasonable apprehension of future abuse.

### *Modification of order*

Appellant contends the trial court had no authority to modify the DVRO because respondent did not move to modify or terminate it. Appellant is mistaken.

The order did not violate subdivision (a) of Family Code section 6345, which provides that the court may renew a DVRO "subject to termination or modification by *further order* of the court either on written stipulation filed with the court or on the motion of a party." (Italics added.) This provision authorizes the court to modify or terminate a DVRO after renewing it, and does not concern modification at the time of renewal. Respondent was not required to make a motion to modify or terminate the DVRO;

because he opposed renewal of an expiring order, the burden was on appellant to show "a reasonable apprehension of future abuse." (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1504.)

This case is unlike *Avalos v. Perez* (2011) 196 Cal.App.4th 773, upon which appellant relies. There, the trial court erred when it renewed a DVRO for two years because the statute clearly limits renewal to either five years or permanently. (Fam. Code, § 6345, subd. (a).) Neither section 6345 nor *Avalos* precludes a court from renewing a DVRO as to one protected party and not as to others.

The trial court properly acted within its jurisdiction to grant the request in part and deny it in part by issuing an amended order that renewed the DVRO as to appellant and allowed it to expire as to the children.

**DISPOSITION**

The order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.             PERREN, J.**\***

**\*** Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

.             8

Matthew G. Guerrero, Judge

Superior Court County of San Luis Obispo

_____

Gillett Law, Gregory F. Gillett and Heather E. Stirling for Plaintiff and Appellant.

No appearance for Defendant and Respondent.