Filed 4/13/26 E.M. v. D.S. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| E.M.,<br><br>    Appellant,<br><br>v.<br><br>D.S.,<br><br>    Respondent. | 2d Civ. No. B349128<br>(Super. Ct. No. 21FS-0080)<br>(San Luis Obispo County) |

      E.M. (Mother) appeals from an order denying her request to move out of state with their daughter. Mother asserts the trial court abused its discretion by failing to properly weigh the *LaMusga*[1] factors. We conclude the court did not abuse its discretion. We will affirm.

      FACTUAL AND PROCEDURAL BACKGROUND

      Mother and respondent D.S. (Father) are parents to daughter C., born in 2021. They are not married and have lived

---

[1] *In re Marriage of LaMusga* (2004) 32 Cal.4th 1072 (*LaMusga*).

separately since C.'s birth. Mother was the primary caregiver until Father began spending more time with C. in 2023. They share legal custody and describe their co-parenting relationship as mostly positive. Mother has a minor son from a previous relationship who is several years older than C.

Mother requested an order allowing her to move C. to Jacksonville, Florida in May of 2024. She described moving as an opportunity to obtain more affordable housing and a better job. She planned to move into a four-bedroom house with her partner and their three children: C., C.'s half-brother, and her partner's daughter, who already lived in Florida. She proposed sharing legal custody after the move and allowing Father frequent visits and communication with C.

Father initially considered moving to Florida but changed his mind. He opposed Mother's move-away request and sought primary physical custody if Mother moved. Father believed moving would not be in C.'s best interest because Mother had "no family or friend support system" in Florida. It would also be difficult to maintain his relationship which C. because neither he nor Mother could afford to travel back and forth regularly. He requested shared physical custody if Mother remained in California.

The family court ordered mediation. Mother and Father agreed to a new shared visitation schedule but did not resolve the move-away issue. The family court set a date for trial and appointed a child custody evaluator. The evaluator concluded it was in C.'s best interest to award physical custody to Father if Mother moved to Florida.

The family court held trial over three days in May of 2025. It considered testimony from Mother, Father, Mother's partner,

paternal and maternal grandparents, paternal great-grandmother, maternal aunt, paternal aunt, C.'s daycare provider, and the custody evaluator. The court orally denied the move away request after closing argument. Its later-filed written findings and orders did not elaborate on the basis of its decision.

DISCUSSION

Mother contends the family court abused its discretion "because it disregarded the governing standards in *In re Marriage of Burgess* (1996) 13 Cal.4th 25 [(*Burgess*)] and *In re Marriage of LaMusga* (2004) 32 Cal.4th 1072, and instead relied on speculation about appellant's motives rather than evidence of detriment to the child." She states the court's written order after hearing contains "no express findings of detriment" and does not discuss the *LaMusga* factors.[2]

"The trial court's order 'is presumed to be correct, and all intendments and presumptions are indulged to support it on matters as to which the record is silent. [Citation.] It is the appellant's burden to affirmatively demonstrate error.'" (*In re Marriage of Martindale & Ochoa* (2018) 30 Cal.App.5th 54, 59.)

---

[2] Among the factors to consider when modifying custody "in light of the custodial parent's proposal to change the residence of the child are . . . the children's interest in stability and continuity in the custodial arrangement; the distance of the move; the age of the children; the children's relationship with both parents; the relationship between the parents including, but not limited to, their ability to communicate and cooperate effectively and their willingness to put the interests of the children above their individual interest; the wishes of the children if they are mature enough for such an inquiry to be appropriate; the reasons for the proposed move; and the extent to which the parents currently are sharing custody." (*LaMusga, supra,* 32 Cal.4th at p. 1101.)

Determining whether the family court applied the correct legal standard or relied on speculation is difficult because Mother chose to appeal without a reporter's transcript of the oral proceedings or an agreed or settled statement in lieu of a transcript. (Cal. Rules of Court, rules 8.134, 8.137.) The parties discussed the *LaMusga* factors in pre-trial briefing but the subsequent minute orders do not memorialize the substance of each witness's testimony or counsel's arguments. This precludes any meaningful review of the court's decision. (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416 [if a record is "'inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed'"].)

There is also no record of Mother requesting a statement of decision. "A party who does not request a statement of decision may not argue the trial court failed to make any finding required to support its decision." (*In re Marriage of McHugh* (2014) 231 Cal.App.4th 1238, 1248.) In addition, the minute order from the last day of trial reflects that Mother's counsel prepared the draft findings and order at the court's behest, so we might presume appellant made no objections at all to the court's skeletal decision. (See Evid. Code, § 353, subd. (a) [failing to make a timely and specific objection forfeits a claim on appeal].)

What can be gleaned from the record is that Mother and Father both presented the family court with ample evidence supporting their positions. Each filed declarations describing why they believed the proposed move was or was not in C.'s best interests. Commendably, neither parent resorted to the hyperbole and ad hominem attacks so commonly employed in custody disputes. Each called several witnesses during the three-day trial. The court-appointed custody evaluator considered the

4

*LaMusga* factors in a 32-page report and recommended Father receive primary physical custody if Mother relocated. The court appears to have adopted these recommendations in denying Mother's request. We will not reweigh the evidence. (*LaMusga*, *supra*, 32 Cal.4th at p. 1093.) As directed by our Supreme Court: "[W]e must permit our superior court judges—guided by statute and the principles we announced in *Burgess* and affirm in [*LaMusga*]—to exercise their discretion to fashion orders that best serve the interests of the children in the cases before them." (*Id.* at p. 1101.)

DISPOSITION

Judgment is affirmed.[3] Respondent shall recover his costs on appeal.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

YEGAN, Acting P. J.

BALTODANO, J.

---

[3] Appellant moved for calendar preference on February 2, 2026. We deny the motion as moot.

Jacquelyn H. Duffy, Judge
Superior Court County of San Luis Obispo

_____

E.M., in pro. per., for Appellant.
D.S., in pro. per., for Respondent.